UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ERNEST and MARY ROBLES,            No. 05-14541

              Debtor(s).
_____/

STANLEY JABIN,

              Plaintiff(s),

     v.            A.P. No. 06-1051

ERNEST and MARY ROBLES,

             Defendant(s).
_____/

Memorandum on Relief From Default
_____

      Debtors and defendants Ernest and Mary Robles filed their Chapter 7 petition on October 16, 2005. Plaintiff Stanley Jabin then commenced this adversary proceeding to determine the dischargeability of a debt for $130,000.00 which he alleged he invested in a joint venture with Robles and which Robles converted.

      On May 14, 2006, Jabin served a set of requests for admission, asking Robles to admit the essential elements of his case. Robles made no response to the requests whatsoever. On June 30, 2006,

1

Jabin filed a motion for summary judgment, relying largely on the requests for admission which were deemed admitted pursuant to FRCP 36(b).

Pursuant to Local Bankruptcy Rule 7007-1(b), Robles' response to the summary judgment motion was due on July 14, 2006. Robles filed nothing at all until July 21, 2006, when he filed a motion seeking to "withdraw" responses which had never been filed. No other response to the motion for summary judgment was filed. Since Robles had not sought any sort of order shortening time and since his motion did not give sufficient notice even if the court construed it as a counter-motion, the court granted summary judgment. However, it stayed its order for 30 days to give Robles a chance to seek relief from default. Robles only re-noticed his request to withdraw the never-given responses to the requests for admission. That motion is now before the court.

The court begins by noting that this matter has progressed beyond a mere failure to file responses to requests for admission; summary judgment has been granted. Robles has asked the court only to be excused for his failure to respond to the requests for admission. He has not sought relief from the order granting summary judgment. Accordingly, he has produced no evidence of either excusable neglect[1] or a meritorious defense.[2]

Robles' counsel has been very negligent. He has made numerous procedural missteps and his attitude towards Jabin's summary judgment motion was cavalier, arrogant and wrong. While the court notes that it has the discretion under FRCP 36(b) to allow responses even at this late date, as Jabin has not established the sort of prejudice necessary to bar such relief, the court declines to grant relief for

---

[1] There is no evidence whatsoever of excusable neglect. Robles' counsel started out by blaming Jabin's counsel. He now admits that Jabin's counsel did nothing wrong, leaving him with no excuse at all.

[2] For reasons which remain a mystery to the court, three days after the summary judgment motion had been heard and granted Robles noticed a hearing on his never-before-filed opposition to the summary judgment motion. In it, Robles admits that he and Jabin were joint venturers in a real estate development and that without consulting Jabin he disposed of the joint venture property to a business associate. Far from stating a meritorious defense, this comes close to admitting a nondischargeable debt. See *In re Short*, 818 F.2d 693 (9th Cir. 1987).

2

several reasons.

First, there is no strong indication of an injustice. While the court of course has sympathy for Robles' health problems, it appears from his own declaration that he breached his fiduciary duties to his partner and accordingly owes Jabin a nondischargeable debt. To the extent Robles has a viable defense that the court does not see, it is far more just that he recover on a malpractice claim against his counsel than put Jabin through the expense of a trial at this late date. Trial is set for a mere 12 days from today, and would have to be vacated and the parties start from scratch if the court were to grant the motion.

Moreover, the alternative to denying the motion would be to set further hearings on how much is necessary to compensate Jabin for the summary judgment motion and responding to the matters heard today. The amount necessary to put Jabin back in the same position he would have been in if Robles had acted properly would be a significant percentage of the total damages. This is not a simple matter of allowing late responses, but was compounded by a willful failure to promptly seek relief.

For the foregoing reasons, the motion to withdraw admissions will be denied, save in one respect. The court is not convinced, notwithstanding the admissions, that the damages sought beyond Jabin's initial $130,000.00 investment are nondischargeable. If Jabin is content with a nondischargeable judgment in this amount, he may submit a form of judgment. If he seeks judgment in a higher amount, he shall obtain a date for a hearing on damages and give notice of it. At said hearing, the court may allow Robles to withdraw some admissions relating to damages beyond the $130,000.00 investment.

Counsel for Jabin shall submit an appropriate form of order.

Dated: September 1, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

3